FIRST NAT. BANK et al. v. RUSH.
(No. 55-2733.)

(Commission of Appeals of Texas, Section B.
June 11, 1919.)

APPEAL AND ERROR ⬤➡824—ORAL ARGU-
MENTS ON REHEARING—COMMISSION OF AP-
PEALS.

Since the Commission of Appeals acts only
in an advisory capacity as to motions for re-
hearing, and such a motion must also be consid-
ered by the Supreme Court, oral arguments
will not be heard by the Commission on re-
hearing, except in exceptional cases, where the
motion raises a doubt in the minds of the mem-
bers of the Commission as to the correctness of
the original decision by them.

On motion for rehearing. Motion to argue
orally overruled, and motion for rehearing
recommended to be overruled.

For original opinion, affirming (Civ. App.)
160 S. W. 319, 609, see 210 S. W. 521.

MONTGOMERY, J. The attorneys for
plaintiffs in error in an extended motion for
rehearing, supported by much argument,
strenuously insist that our opinion in this
case is wrong in every particular, and that
the effect of our disposition of the case is to
work a gross injustice. They have also filed
a motion asking to be heard further by oral
argument.

Each member of this section of the Com-
mission has carefully considered the motion,
and we all think that it should be overruled.
We deny the motion for oral argument, be-
cause everything in the motion has been thor-
oughly considered by us, and we feel that, so
far as our opinion is concerned, it would be
useless. We act only in an advisory capac-
ity, as the motion for rehearing must also be
considered by the Supreme Court, and we
feel that oral arguments on rehearing should
not be heard by us, except in exceptional
cases, where the motion raises a doubt in
our minds as to the correctness of our deci-
sion.

With reference to the only question raised
which is not passed on in our opinion—that
is, the contention that Rush did not on oath
deny the partnership as alleged by Fuqua—
we think it sufficient to say that, in the
tenth paragraph of the answer of Rush to
Fuqua's plea of reconvention, it is alleged by
Rush that, after the execution of the written
agreement with reference to the land trans-
action that Fuqua failed and refused to car-
ry out the provisions of the contract, and
that the contract was wholly ignored and
disregarded by both the intervener and the
defendant Rush, and was never at any time
carried out and never took effect, and that
the parties never in fact became partners.

This, and other paragraphs of the answer,
were sworn to by Rush.

We do not pass upon the question as to
whether or not, in this case, it was necessa-
ry that the existence of the partnership
should be denied under oath.

The motion to argue orally is overruled by
us, and we recommend that the motion for
rehearing be overruled.

PHILLIPS, C. J. Overruled, as recom-
mended by the Commission of Appeals.